# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

| | |
|---|---|
| LEON MINNIEFIELD,<br><br>               Plaintiff,<br><br>VERSUS<br><br>DOLLAR GENERAL CORPORATION<br>AND AMERICAN FUNDS<br><br>               Defendants. | CIVIL ACTION NO. 4:06CV087-D-B |

## REPORT AND RECOMMENDATION

Before the Court are the Motion to Dismiss of Defendant Dolgencorp, Inc. (identified as "Dollar General Corporation" in the Complaint) and supporting Memorandum [doc. 10], Plaintiff's Response [doc. 14] and Dolgencorp's Reply [doc. 17]. Having duly considered the submissions of the parties, the record and the applicable law, the Court rules as follows.

The Complaint challenges Plaintiff's termination from Dolgencorp, Inc., on two grounds. First, Plaintiff claims Dollar General terminated him in violation of its policies and procedures. Second, he alleges the termination caused him to lose employee benefits. By the instant motion, Defendant argues that Plaintiff has failed to plead facts sufficient to support a cause of wrongful termination under Mississippi's handbook exception to the employment at-will doctrine. Additionally, Defendant argues Plaintiff's ERISA cause of action fails because he claims merely that he lost benefits as a result of said termination. In his Response [doc. 14], Plaintiff generally denies Defendant's arguments and requests that he be allowed to amend his Complaint to provide a more definite statement of his claims.[1] In it's Reply brief, Defendant concedes that Plaintiff's proposed Amended Complaint cures the defect in his ERISA claim.

---

[1] Plaintiff was granted leave to amend the Complaint on April 13, 2007. *See* Order doc. 19. However, amendments were made to his ERISA claim only.

In light of Defendant's concession that Plaintiff has cured any defect with regard to statement of his ERISA claim, the undersigned finds Defendant's Motion to Dismiss as it regards said claim should be denied.

In support of its motion to dismiss Plaintiff's wrongful termination claim, Defendant has attached a portion of the 2005 Dollar General Employee Handbook entitled "Acknowledgement of Receipt of Dollar General Employee Handbook," which was signed by Plaintiff on May 16, 2005. The Complaint references Defendant's policies and procedures, and the central allegation of Plaintiff's claim is that his termination was wrongful because it was contrary to said policies and procedures. Compl. ¶5. As such and because Plaintiff has failed to object to Defendant's offering of said document, the Court may consider it without converting the instant motion to a motion for summary judgment. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (holding that documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim); *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996) (in deciding motion to dismiss, court may consider documents incorporated in complaint.); *Venture Assoc. Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (documents attached to a motion to dismiss considered part of the pleadings if they were referred to in the plaintiff's complaint and are central to the claim); *International Audiotext Network, Inc. v. American Tel. And Tel. Co.,* 62 F.3d 69, 72 (2nd Cir. 1995); *Solis-Ramirez v. U.S. Department of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985). *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997)("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.")

The "Acknowledgement" signed by Plaintiff expressly indicates that all Dollar General employees

were employed on an at-will basis and that Dollar General retained the right to terminate an employee at anytime, "with or without cause." Under Mississippi law, a handbook that contains such a disclaimer does not create a contractual obligation that would tend to override the at-will doctrine. *See Byrd v. Imperial Palace of Mississippi*, 807 So.2d 433 (Miss. 2001). Accordingly, I find Dollar General's handbook expressly reserved the at-will nature of Plaintiff's employment status, and his wrongful termination claim should be dismissed.

Based on the foregoing, it is my recommendation that Defendant's Motion to Dismiss be granted only in part and that Plaintiff's wrongful termination claim be dismissed with prejudice for failure to state a claim pursuant to FED.R.CIV.P. 12(b)(6).

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 16th day of April, 2007.

                                              **/s/ Eugene M. Bogen**
                                                **UNITED STATES MAGISTRATE JUDGE**